Putnam J.
delivered the opinion of the Court. All the counts of the plaintiff’s declaration are grounded upon the allegation, that the defendant Swift knew he had no lawful cause of action against the plaintiff Stone, when the action was commenced ; but that he acted maliciously in commencing it without any just cause, and also m attaching and detaining Stone’s property. The Court are all of opinion that this action cannot be supported, unless the evidence be satisfactory that Swift knew, when he commenced his action, that he had no cause of action, and that he acted maliciously in that behalf; and that the instruction to the jury, as to the effect of the deposition of Mr. Warren upon this action, was correct. The gravamen set forth in the plaintiff’s motion is altogether different from that set forth in all the counts ; it admits that Swift believed he had a just cause of action when he sued, and proceeds upon the ground of an unreasonable detention afterwards. The Court are clearly of opinion that such evidence will not maintain the action in its present form.
If there had been a count admitting that Swift supposed he had a good cause of action when he commenced his suit, but afterwards ascertained that he had not, and after that continued his attachment maliciously and with a view to vex and oppress, he then knowing he had no just cause of action, it would have presented a very different inquiry to the jury from that which was submitted to them.
But, as has been observed, all the counts are founded upon the knowledge of Swift, that he had no just cause of action when his suit was commenced. Upon considering the evidence in the case, the Court do not perceive that the jury could properly have found that to be the fact. It appears that Swift acted upon advice of counsel. If he did not withhold any information from his counsel with the intent to procure an opinion that might operate to shelter and protect him against a suit, but, on the contrary, if he, being doubtful of his legal rights, consulted learned counsel with a view to ascertain them, and' afterwards pursued the course pointed out by his legal adviser, he is not liable to this action, notwithstanding his counsel may have mistaken the law.
*410 This seems to be considered as the known rule in such actions, and it is recognised in Ravenga v. Mackintosh, 2 Barn. & Cressw. 693. That action was for a malicious arrest. Ravenga made a contract for the Columbian government with the defendant. He obtained an opinion of counsel, that the Columbian government was liable ; that Ravenga was liable as a member of it; and that he could not maintain an action against Mackintosh, if it should turn out that Ravenga was not personally liable. But the jury found, as B'ayley J. said there was abundant reason to believe, that Mackintosh did not act bona fide, and did not believe that he had any good cause of action.
Now we all think that this point of the case was not so distinctly presented to the jury at the trial as it ought to have been, and a new trial is directed for that cause. The other causes for a new trial are not sustained.
Upon the new trial the jury will settle the fact, whether Swift acted bona fide in regard to the consulting of counsel, and believed that he had a good cause of action, and honestly pursued the advice and direction of his legal adviser, or otherwise. If he did, this action cannot be supported ; if he did not, it may be maintained, and the jury will assess the proper damages.
Mew trial granted, with liberty to amend the declaration on payment of costs.